# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

August 6, 2007

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 6 2007

GREGORY C. LANGHAM
CLERK

Mr. Carl H. Wade
California Medical Facility
I-121-L
P.O. Box 2500
Vacaville, CA 95696-2500

Re:    07-1191, Wade v. Hubbard
       Dist/Ag docket:  07-cv-00639-ZLW

Dear Mr. Wade:

Enclosed is a copy of an order entered today in this case.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By: _____
    Deputy Clerk

clk:sds

cc:
    Gregory C. Langham, Clerk
    John W. Suthers, Attorney General

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

| | |
|---|---|
| In re: CARL H. WADE,<br><br>Movant. | No. 07-1191<br>(D.C. No. 07-cv-639-ZLW) |

ORDER
Filed August 6, 2007

Before **KELLY**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

On September 15, 1988, Carl H. Wade pleaded guilty in Colorado state court to first-degree assault. He was sentenced to sixteen years of imprisonment. Currently he is serving a California sentence of imprisonment on a separate offense, and he asserts that the Colorado conviction was used to enhance his punishment for that offense. He seeks leave to file a second or successive 28 U.S.C. § 2254 habeas petition challenging the Colorado conviction.

Mr. Wade asserts that in 1995, he filed for relief in Colorado state court under Colorado Rule of Criminal Procedure 35(c), but the court misplaced his filing, so he refiled in 1997. The motion was denied in 2003 as time-barred, and Mr. Wade appealed. The state court had taken no action on the appeal by the time he filed his first federal § 2254 habeas petition on May 27, 2004, district court case No. 04-Z-1083. The district court dismissed the § 2254 petition as untimely

under 28 U.S.C. § 2244(d). Mr. Wade appealed to this court, but then voluntarily dismissed the federal appeal when the state appellate court allowed him to proceed with his appeal of the denial of Rule 35(c) relief. His state appeals ultimately were unsuccessful, and in March 2007 he filed a second § 2254 petition with the federal district court. The district court transferred the petition to this court, and Mr. Wade now has filed a motion for leave to file a second or successive § 2254 petition.

A petitioner seeking to bring a second or successive § 2254 petition may proceed only with a claim that (A) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (B) relies on facts that "could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A), (B). Mr. Wade's motion presents three arguments he wishes to raise in a second or successive § 2254 petition.

Mr. Wade first attempts to proceed under § 2244(b)(2)(A), invoking the Supreme Court's decisions in *Cunningham v. California*, 127 S. Ct. 856 (2007); *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Ring v. Arizona*, 536 U.S. 584 (2002); and *Apprendi v. New Jersey*,

530 U.S. 466 (2000). None of these decisions aid Mr. Wade. *Ring* and *Apprendi* were issued before Mr. Wade's first habeas petition was filed in 2004, and so they are not "previously unavailable." In any event, the Supreme Court has not made *Cunningham*, *Booker*, *Blakely*, *Ring*, and *Apprendi* retroactive to cases on collateral review. *See Bey v. United States*, 399 F.3d 1266, 1268-69 (10th Cir. 2005) (summarizing cases holding that *Booker*, *Blakely*, and *Apprendi* are not retroactively applicable to successive habeas petitions); *Patton v. Mullin*, 425 F.3d 788, 810 (10th Cir. 2005) (noting that the Supreme Court has declared that "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review") (quotation omitted), *cert. denied*, 126 S. Ct. 2327 (2006). Therefore, none of these decisions constitute a basis for filing a second or successive § 2254 petition.

For his second ground, Mr. Wade argues that the district court erred in determining that his first § 2254 petition was barred by the statute of limitations. This argument, however, is not subject to § 2244's second-or-successive requirements and does not require precertification. Rather, because it challenges a procedural ruling of the federal habeas court, it is a "true" Federal Rule of Civil Procedure 60(b) issue. *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). If a district court transfers a petition containing a true Rule 60(b) issue, ordinarily we remand for the district court to address the issue in the first instance. *Spitznas*, 464 F.3d at

1219. But Mr. Wade did not include this issue in the habeas petition transferred to this court; he included it only in the motion to file a second or successive § 2254 petition that he filed here in the first instance. We render no opinion on the merits of this issue, but simply note that if Mr. Wade wishes to pursue this issue, he must file a Rule 60(b) motion with the district court.

For his third and final ground, Mr. Wade alleges his counsel was ineffective. It appears, however, that this claim was raised in his first § 2254 petition. Thus, it must be dismissed. 28 U.S.C. § 2244(b)(1). Moreover, even if it were not raised in the first petition, the argument relies neither on new law or on new facts, and thus it cannot be the basis of a second or successive § 2254 petition.

Mr. Wade's motion for leave to file a second or successive § 2254 petition is DENIED. This denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court<br>
ELISABETH A. SHUMAKER, Clerk<br><br>
By:_____<br>
Deputy Clerk